IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JUSTICE HOWERTON                                                                PLAINTIFF

v.                                                          CIVIL ACTION NO. 1:26-CV-9-SA-RP

PROVIA LLC                                                                      DEFENDANT

ORDER AND MEMORANDUM OPINION

On January 19, 2026, Justice Howerton initiated this civil action by filing her Complaint [1] against ProVia LLC. The Complaint [1] brings claims pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. Before the Court is ProVia's Motion to Dismiss [4]. The Motion [4] has been fully briefed and is ripe for review. The Court is prepared to rule.

*Factual Background*

In February 2024, Howerton, a woman, began working for ProVia as a packer. The Complaint [1] alleges that, during her employment, Howerton was accosted by male co-workers beginning in March 2024.

According to the Complaint [1], Lead Chad Davis "began sexually harassing [Howerton]" in March 2024. [1] at p. 2. This harassment included physically touching her, telling her that "he wanted to take her home[,]" and looking down her shirt. *Id.* In addition to this behavior, Davis was "cruel (e.g. assigning [Howerton] onerous tasks) and/or critical towards [Howerton] and this sometimes caused her to have panic attacks." *Id.*

In April 2024, Howerton experienced a panic attack while at work. Following that incident, she notified ProVia's management and Human Resources Department that she had been diagnosed with a "panic disorder and [was] prone to episodic panic attacks." *Id.* at p. 3. That same month,

Howerton reported Davis' "sexually harassing comments and actions" to her then-supervisor, Johnny Palmer, and to Lead Eric Shiels. The Complaint [1] alleges that Palmer advised Howerton that he would address the issue. Regarding her panic attacks, Palmer instructed Howerton to go to the breakroom to recover whenever she had an episode.

Approximately one month later, in May 2024, Howerton told Shiels and Lead Brady Burchum that Davis' behavior towards her was continuing. In response, Shiels told her that other female employees of ProVia had previously complained of sexual harassment on the part of Davis, and that "nothing was ever done about it." *Id.* During the same timeframe, Howerton told Palmer and Shiels that Davis' alleged harassment and cruel behavior towards her were triggering her panic attacks. Palmer again indicated that he would address the matter with Davis.

Also in May 2024, Howerton met with ProVia's Corporate Care Employee Ambassador, Nicole Carpenter, for her three-month review. During that meeting, she reported Davis' alleged sexual harassment to Carpenter. The Complaint [1] alleges that a few months passed and, despite her complaints about Davis to Palmer, Shiels, Burcham, and Carpenter, ProVia took no action to address the situation. According to Howerton, she assumed that her complaints had been forwarded to the Human Resources Department. She also alleges that Palmer applied pressure to her and others to report issues directly to their immediate supervisors rather than to Human Resources.

In August 2024, Howerton again complained of Davis' behavior towards her to another member of management, Durand Windham, who is ProVia's Operations Manager. After this report to Windham, Davis stopped harassing her for a brief period but then resumed his behavior approximately two weeks later. Then, in February 2025, Howerton learned that Davis had also harassed other female employees of ProVia. On February 7, 2025, Howerton, along with four other

female employees, reported Davis to ProVia's Human Resources Representative, Denita Cartwright. ProVia terminated Davis' employment a few days later.

The Complaint [1] alleges that, following Davis' termination, Palmer began to treat Howerton in a "more harsh" manner. *Id.* at p. 5.[1] He threatened to terminate her for having a panic attack in February 2025. Howerton reported the alleged threat to Cartwright. The Complaint [1] also alleges that Howerton is aware of multiple instances of Palmer stating that he does not like female employees working under his supervision and that he would never hire female employees if he could avoid it. She then filed an EEOC charge against ProVia on February 26, 2025.

The EEOC charge generally alleges that Howerton was subjected to a hostile work environment throughout her employment tenure with ProVia, that she was sexually harassed, experienced sex and disability discrimination, and was retaliated against. It provides an account of Davis' behavior towards her and other female employees and alleges that Palmer never passed along her complaints concerning Davis to the Human Resources Department. Following the filing of her EEOC charge, Howerton complained to Shiels about not being allowed to transfer to other areas to work and instead was forced to remain working at a packing table. Shiels then responded that, based on a directive from Palmer, Howerton was not to "be off line (i.e., to work in a different area) until this lawsuit shit is done with[.]" *Id.* at p. 12.

The Complaint [1] also alleges that Howerton was sexually harassed by another male co-worker, Marcus Newby, beginning in June 2025—after she filed her EEOC charge. Howerton reported Newby to Cartwright after he "grabbed her buttocks." *Id.* at p. 13. ProVia suspended

---

[1] The Complaint [1] also alleges that, after Howerton complained of Davis' harassment to Cartwright and filed her EEOC charge, Palmer began to "display retaliatory behaviors, e.g., at times he yelled at [her] and made critical statements about her to other employees." [1] at p. 12. It is not clear from the Complaint [1] whether this is the same "harsh" treatment previously alleged and exactly at what point it began—whether it followed Davis' termination or Howerton's report to Human Resources (through Cartwright) and EEOC filing.

Newby from work for one week but did not immediately move him to a separate work area from Howerton's. Howerton then escalated her complaint to ProVia's corporate Human Resources Department, and Newby was subsequently moved to a different work area.

In response to Howerton's charge, ProVia submitted its position statement to the EEOC on August 19, 2025. There, ProVia provided information pertaining to Howerton's employee evaluation from June 2024, which was positive in nature. However, it did not provide information pertaining to her June 2025 evaluation. After Howerton filed her EEOC charge, Windham became her direct supervisor, and she no longer reported to Palmer. Resultantly, Windham conducted Howerton's employee evaluation in June 2025 and gave her a lower rating despite her alleged performance improvement during the 2024-2025 timeframe. The Complaint [1] alleges that Windham gave her this lower rating "result[ing] [from] retaliatory animus after she filed her EEOC charge." *Id.* at p. 7. There is no allegation that Howerton was terminated from her employment with ProVia.

Again, Howerton brings claims under Title VII and the ADA against ProVia. Through the present Motion [4], ProVia seeks dismissal of all claims asserted against it. Howerton opposes the Motion [4].

*Dismissal Standard*

Rule 12(b)(6) allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

4

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937.

A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F. 3d 228, 232–33 (5th Cir. 2009). But a court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79, 129 S. Ct. 1937. A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.*, 129 S. Ct. 1937. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. In other words, "[t]his standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citing *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008)). In deciding a motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). If there are insufficient factual allegations to raise a right to relief above the speculative level, the claim must be dismissed. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955.

*Analysis and Discussion*

As noted above, the Complaint [1] brings a number of claims against ProVia. Specifically, those claims include: (1) Title VII sex discrimination; (2) Title VII sexual harassment/hostile work environment; (3) Title VII retaliation; (4) ADA discrimination; and (5) ADA retaliation. Through its present Motion [4], ProVia primarily argues that the Complaint [1] is a shotgun pleading that fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Additionally, it argues that

Howerton's claim for Title VII sex discrimination fails because it was not administratively exhausted before the EEOC and, alternatively, that it has not been adequately pleaded. It also seeks dismissal of any sexual harassment claim based on Newby's alleged harassment on exhaustion grounds. The Court begins with its analysis of ProVia's general shotgun pleading argument.

"As a general matter, a pleading that states a claim for relief must contain… a short and plain statement of the claim showing that the pleader is entitled to relief." *Scharklet v. Case Healthcare Sols., Inc.*, 2023 WL 8259255, at *7 (N.D. Miss. Nov. 29, 2023) (quoting *Moore v. Miss. Gaming Comm'n*, 2015 WL 13019615, at *5 (N.D. Miss. Nov. 2, 2015) (in turn quoting FED. R. CIV. P. 8(a)(2)) (internal quotation marks omitted). "Rule 8 requires that a plaintiff plead sufficient facts to provide notice to a defendant of the factual basis for the plaintiff's claims." *Id.* (quoting *Alexander v. Hall*, 2021 WL 800840, at *3 (N.D. Miss. Mar. 2, 2021)) (internal quotation marks omitted). "Shotgun pleadings violate the notice pleading standard by failing to one degree or another to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* (citations omitted).

"'What makes a pleading an objectionable 'shotgun' pleading is the inclusion of irrelevant and unrelated facts not tied to specific causes of action such that the claims made are indeterminate and the defendant's task in defending them is significantly impaired.'" *Id.* (quoting *Moore*, 2015 WL 13019615 at *5) (additional citations omitted). As a result, "shotgun complaints are subject to dismissal under Rule 12(b)(6)." *Id.* (quoting *Moore*, 2015 WL 13019615 at *5) (internal quotation marks omitted).

As ProVia points out, the Complaint [1] is far from a model of clarity. In support of its argument that Howerton's Complaint [1] is a shotgun pleading, ProVia notes that the Complaint [1] is twenty-five pages in length and contains 155 paragraphs of facts. Though the Complaint [1]

does assert five distinct legal claims in separate counts, the Court finds that it fails to provide "the grounds upon which each claim rests." *Id.* The facts asserted are not expressly linked to the specific causes of action and, resultantly, it is not clear which facts support which claims.

The Court looks to Howerton's Title VII retaliation claim to illustrate its point. Like ProVia, the Court initially interpreted the facts concerning Newby's harassment as an assertion of a separate sexual harassment claim. But in her Response Memorandum [16], Howerton clarifies that she is not asserting a standalone sexual harassment claim based on Newby's alleged harassment of her. Rather, she argues that those facts are asserted in connection with her retaliation claim. Specifically, she contends that ProVia's management intentionally dismissed her complaints against Newby "as a direct act of retaliation stemming from her February EEOC charge." [16] at p. 12. Absent clarification from Howerton through her response to ProVia's Motion [4], there is no language in the Complaint [1] linking those facts to a retaliation claim, though she now takes that position. To the contrary, Count III of the Complaint [1] titled "violations of Title VII- sexual harassment/sexually hostile work environment" alleges that "[b]y the actions described above, Defendants [sic] violated Title VII by allowing *its employees* to sexually harass Plaintiff in the workplace and by subjecting Plaintiff to a sexually hostile work environment." [1] at p. 23 (emphasis added). The Court finds that this allegation is misleading and appears to base the claim on harassment by multiple employees, including Newby.

Additionally, all five claims purport to be based on *all* the facts alleged in the Complaint [1] as they each incorporate prior alleged facts by reference. *See* [1] at p. 22-24. This results in irrelevant facts being associated with certain claims. For example, Howerton asserts facts related to her panic attacks and it is logical that those facts relate to her ADA claims. However, it is unclear how those facts relate to her Title VII claims, if at all. And, as ProVia points out, many of the facts

asserted are repeated throughout the Complaint [1] with some facts appearing verbatim in up to three different paragraphs within the facts section. In fact, the Court has located a total of 42 paragraphs that oddly repeat facts previously stated. The District Court for the Southern District of Mississippi has previously held that "pleadings with 'excess verbiage and irrelevant, repetitious, unintelligible allegations' do not comply with [Rule 8]." *Desoto Grp., LLC v. Linetec Servs.*, LLC, 339 F.R.D. 249, 251 (S.D. Miss. 2021) (quoting *Jumonville v. Dep't of Treasury*, 50 F.3d 1033 (5th Cir. 1995)).

Given these deficiencies, the Court finds that the Complaint [1] runs afoul of Rule 8 by "failing to give [ProVia] notice of the claims against it and the facts that support those claims." *Scharklet*, 2023 WL 8259255 at *9. The Complaint [1] is therefore subject to dismissal as a shotgun pleading pursuant to Rule 12(b)(6). *Id.* at *7. Nonetheless, "[w]hen a court dismisses a complaint on the basis of a failure to comply with Rule 8, it is generally appropriate to provide the plaintiff an opportunity to remedy the pleading deficiencies through the filing of an amended complaint." *Id.* at *9. The Court will afford Howerton an opportunity to do so.

## *Conclusion*

For the reasons set forth above, ProVia's Motion to Dismiss [4] is hereby DENIED *without prejudice*. In light of this ruling, the Court finds it appropriate to decline ruling on ProVia's exhaustion arguments at this time. Ultimately, because it is unclear which facts correspond to Howerton's Title VII sex discrimination and sexual harassment claims, the Court will avoid engaging in guesswork in addressing those arguments. If appropriate, ProVia may renew its exhaustion arguments after the amended complaint has been filed.

Howerton is hereby ORDERED to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure, as discussed above, within fourteen (14) days of the date

of this Order. Her failure to do so will result in dismissal of the Complaint [1] without further notice.

SO ORDERED, this the 6th day of July, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE